T.C. Summary Opinion 2009-146

UNITED STATES TAX COURT

LEE THOMAS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 142-08S.                    Filed September 21, 2009.

Lee Thomas, pro se.

<u>Richard J. Hassebrock</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioner's Federal income taxes for 2004 and 2005 of $1,658 and $20,268, respectively, and an addition to tax for 2005 of $5,067 for failure to timely file a tax return.

After concessions,[2] the only issue remaining for decision is whether petitioner is liable for the addition to tax for failure to timely file under section 6651(a)(1) for 2005. We hold that petitioner is liable for the addition to tax.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioner resided in the State of Kentucky when the petition was filed.

Petitioner's Form 1040, U.S. Individual Income Tax Return, for 2005 was completed by his accountant. The accountant had been handling petitioner's taxes for about 15 years. Petitioner, through his accountant, requested and was granted an extension of time to file his Federal income tax return for 2005. The return

---

[2] Petitioner conceded that he is liable for the deficiency determined by respondent for 2004 of $1,658. The parties agreed that for 2005, petitioner is entitled only to a loss of $6,962 rather than the $268,533 loss claimed on Schedule E, Supplemental Income and Loss, of the 2005 tax return.

due date was thereby extended from April 15 to October 15, 2006. Petitioner's 2005 tax return was filed February 24, 2007.

Petitioner's newspaper business closed its doors during 2004. In 2005 petitioner continued to wrap up the newspaper's business matters, and he also entered a new line of work; namely, truck driving.

After the extension to file was granted and before the return was filed, petitioner and his accountant had little or no communication. Petitioner was frequently on the road, and he assumed that his accountant had requested a subsequent extension to file.[3]

In February 2007 petitioner contacted his accountant regarding the 2005 tax return. The accountant informed petitioner that the tax return was prepared and awaiting his signature and had been prepared for some time. Petitioner then drove to the accountant's office and signed the return on February 21, 2007.[4]

---

[3] Sec. 6081(a) authorizes the IRS to grant a "reasonable extension of time for filing any return". Except in the case of a taxpayer who is abroad, no extension shall be for more than 6 months. Id.

[4] As a paid preparer, the accountant also signed the return; his signature was accompanied by the date Aug. 30, 2006.

## Discussion

Section 7491(c) provides that the Commissioner bears the burden of production with respect to an addition to tax. To meet this burden, the Commissioner must introduce evidence indicating that it is appropriate to impose the relevant addition to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets this burden, the taxpayer bears the burden to produce evidence regarding reasonable cause. Id. at 446-447. Respondent has met his burden.

Section 6651(a)(1) imposes an addition to tax for failure to file a return by its due date. The addition equals 5 percent for each month or fraction thereof that the return is late, not to exceed 25 percent. Id. To escape the addition to tax, the taxpayer must prove that such failure was due to reasonable cause and not due to willful neglect. Id.

The term "willful neglect" may be read as meaning conscious, intentional failure or reckless indifference. United States v. Boyle, 469 U.S. 241, 245 (1985). Respondent does not contend that petitioner's failure to file was willful or reckless; therefore, we consider only whether petitioner had reasonable cause for failing to meet the deadline.

A showing of reasonable cause requires taxpayers to demonstrate they exercised "ordinary business care and prudence" but were nevertheless unable to file the return within the

prescribed time.  Id. at 246; sec. 301.6651-1(c)(1), Proced. &
Admin. Regs.  However, the failure to timely file "a tax return
is not excused by the taxpayer's reliance on an agent, and such
reliance is not 'reasonable cause'" for late filing under section
6651(a)(1).  United States v. Boyle, supra at 252 (taxpayers have
a personal and nondelegable duty to timely file a return;
reliance on an accountant does not provide reasonable cause for
an untimely filing).

Petitioner agrees that the 2005 tax return was not timely
filed.  Nevertheless, he argues against the addition to tax on
the basis that he relied on his accountant to inform him when the
return was prepared.  Moreover, petitioner assumed that his
accountant had requested an additional extension of time to file.

Although we are sympathetic to petitioner's position, given
his reliance on his accountant, we are constrained to sustain
respondent's determination on this issue.  Thus, petitioner is
liable for the addition to tax under section 6651(a)(1).

## Conclusion

We have considered all of the arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude that they do not support a holding contrary to that reached herein.

To reflect the foregoing,

Decision will be entered under Rule 155.